**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/26/18

BLACKROCK CORE BOND PORTFOLIO, *et al.*,

    Plaintiffs,

v.

U.S. BANK NATIONAL ASSOCIATION,

    Defendant.

Case No. 14-cv-9401-PGG

### STIPULATION AND [PROPOSED] ORDER OF DISMISSAL PURSUANT TO FED. R. CIV. P. 41(a)(2)

**WHEREAS**, on November 24, 2014, Plaintiffs commenced this putative class action by filing the Complaint [ECF No. 1], which Plaintiffs subsequently amended on July 2, 2015 [ECF No. 74] (the "Amended Complaint");

**WHEREAS**, the Amended Complaint asserts claims against Defendant U.S. Bank National Association ("U.S. Bank") concerning 27 RMBS trusts identified in Exhibit 1 to the Amended Complaint [ECF No. 74-2] for which U.S. Bank serves as the indenture trustee;

**WHEREAS**, on November 1, 2016, Plaintiffs served their Motion for Class Certification and Appointment of Class Representatives and Class Counsel [ECF No. 166] and on June 21, 2017, Plaintiffs served their Renewed Motion for Class Certification and Appointment of Class Representatives and Class Counsel [ECF No. 218], seeking to certify a class of current noteholders in the 25 trusts in Exhibit 2 to the supporting Declaration of Timothy A. DeLange [ECF No. 221-2] ("Class Certification Motion");

**WHEREAS**, on January 31, 2018, the Court held oral argument on Plaintiffs' Class Certification Motion at which time the Court: (i) denied Plaintiffs' Class Certification Motion; (ii) found that Plaintiffs lacked standing to bring claims for violations of the Trust Indenture Act of

1

1939, 15 U.S.C. §§ 77aaa, et. seq. ("TIA"), as to 21 trusts; and (iii) declined to exercise supplemental jurisdiction over Plaintiffs' breach of contract claims pertaining to those same 21 trusts. ECF Nos. 252-253;

**WHEREAS**, Plaintiff PIMCO Cayman SPC Limited: PIMCO Cayman Japan Low Duration Segregated Portfolio ("PIMCO") is no longer a noteholder in the SASC 2004-GEL2 Trust, Plaintiff The Prudential Insurance Company of America ("Prudential") is no longer a noteholder in the SASC 2004-NP1 Trust, and Plaintiff Transamerica Life Insurance Company ("Transamerica") is no longer a noteholder in the IRWHE 2004-1 Trust (one of the trusts subject to the Class Certification Motion);

**WHEREAS**, many of the Plaintiffs are plaintiffs currently prosecuting breach of contract claims against U.S. Bank in New York state court on behalf of a putative class of certificateholders in 770 RMBS trusts, as a consequence of the Court's May 18, 2015 Order [ECF No. 69]. *BlackRock Balanced Capital Portfolio (FI), et al. v. U.S. Bank Nat'l Ass'n*, Index No. 652204/2015 (N.Y. Sup. Ct.) (Scarpulla, J.) (the "State Court Action");

**WHEREAS**, on January 17, 2018, the Supreme Court of the State of New York, County of New York entered a Decision and Order denying in part and granting in part U.S. Bank's motion to dismiss Plaintiffs' operative amended class action complaint in the State Court Action [NYSCEF No. 211] (the "January 17, 2018 Order");

**WHEREAS**, on February 13, 2018, U.S. Bank filed an appeal to the Supreme Court of New York, Appellate Division, First Department ("First Department"), from that part of the January 17, 2018 Order denying U.S. Bank's motion to dismiss [NYSCEF Nos. 214-215]; and

**WHEREAS**, the Parties agree that in the interests of efficiency, subject to the Court's approval, Plaintiffs shall: (i) obtain an Order from this Court dismissing with prejudice PIMCO's

claims arising out of or connected to the SASC 2004-GEL2 Trust, Prudential's claims arising out of or connected to the SASC 2004-NP1 Trust, and Transamerica's claims arising out of or connected to the IRWHE 2004-1 Trust; (ii) obtain an Order from this Court dismissing Plaintiffs' claims for violations of the TIA for 20 trusts for lack of standing; (iii) obtain an Order from this Court dismissing Plaintiffs' breach of contract claims for those same 20 trusts for lack of jurisdiction under 28 U.S.C. § 1367; (iv) obtain an Order from the Court pursuant to Rule 41(a)(2) dismissing Plaintiffs' claims on the four remaining trusts (MLMI 2005-A9; TMST 2007-1; TMST 2007-2; and TMST 2007-3), without prejudice to Plaintiffs' right to re-file those claims in New York state court in accordance with N.Y. C.P.L.R. § 205, subject to the conditions stated herein; (v) file a new class action complaint against U.S. Bank in New York state court asserting breach of contract claims on 24 of the 25 trusts that were the subject of Plaintiffs' Class Certification Motion, i.e., the 25 trusts, excluding IRWHE 2004-1 (the "New Action"); (vi) move the New York state court to consolidate the New Action with the State Court Action; (vii) consent that the January 17, 2018 Order and any final decision issued by the First Department or the New York Court of Appeals of any appeal thereon shall apply to Plaintiffs' claims in the New Action; and (viii) agree that U.S. Bank reserves all defenses to Plaintiffs' claims on the 24 trusts at issue in the New Action.

**ACCORDINGLY, IT IS HEREBY STIPULATED AND AGREED** by and among counsel for Plaintiffs and counsel for U.S. Bank that:

1. PIMCO's claims arising out of or connected to the SASC 2004-GEL2 Trust are dismissed, with prejudice, with each party to bear its own respective costs and attorneys' fees;

2. Prudential's claims arising out of or connected to the SASC 2004-NP1 Trust are dismissed, with prejudice, with each party to bear its own respective costs and attorneys' fees;

3

3. Transamerica's claims arising out of or connected to the IRWHE 2004-1 Trust are dismissed, with prejudice, with each party to bear its own respective costs and attorneys' fees;

4. Plaintiffs' claims for violation of the TIA as to the following 20 trusts are dismissed, with prejudice: (1) AABST 2004-6; (2) AABST 2005-1; (3) AABST 2005-3; (4) ACCR 2004-2; (5) ACCR 2005-3; (6) BAYRT 2005-E; (7) BAYV 2005-A; (8) GPHE 2004-2; (9) GPHE 2004-3; (10) HEMT 2006-2; (11) HMBT 2004-1; (12) HMBT 2004-2; (13) HMBT 2005-1; (14) HMBT 2005-3; (15) HMBT 2005-4; (16) HMBT 2005-5; (17) HMBT 2006-2; (18) IRWHE 2005-1; (19) LABS 2005-1; and (20) NYMT 2005-2.

5. Plaintiffs' claims for breach of contract pertaining to the 20 trusts identified above, in paragraph 4, are dismissed for lack of jurisdiction under 28 U.S.C. § 1367.

6. Pursuant to Court Order under Federal Rule of Civil Procedure 41(a)(2), Plaintiffs' claims on the MLMI 2005-A9, TMST 2007-1, TMST 2007-2 and TMST 2007-3 trusts shall be dismissed, without prejudice to Plaintiffs' right to re-file those claims in New York state court in accordance with N.Y. C.P.L.R. § 205 and subject to the conditions stated herein.

*[Remainder of page intentionally left blank.]*

Dated: February 21, 2018

*signature*     *signature*
TIMOTHY A. DeLANGE    BY     DAVID F. ADLER

| | |
|---|---|
| Timothy A. DeLange | David F. Adler |
| Benjamin Galdston | Louis A. Chaiten |
| Lucas E. Gilmore | JONES DAY |
| BERNSTEIN LITOWITZ BERGER | North Point |
|   & GROSSMANN LLP | 901 Lakeside Avenue |
| 12481 High Bluff Drive, Suite 300 | Cleveland, Ohio 44114-1190 |
| San Diego, CA 92130 | Tel: (216) 586-3939 |
| Tel: (858) 793-0070 | Fax: (216) 579-0212 |
| Fax: (858) 793-0323 | |

*Attorneys for Plaintiffs*

Martin R. Lueck
ROBINS KAPLAN LLP
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Tel: (612) 349-8500
Fax: (612) 339-4181

Andrew S. Kleinfeld
JONES DAY
250 Vesey Street
New York, NY 10281-6702
Tel: (212) 326-3939
Fax: (212) 755-7306

*Attorneys for Defendant U.S. Bank National Association*

The Clerk of Court is directed to close this case.

**SO ORDERED:**

*signature*

The Honorable Paul G. Gardephe
United States District Judge    Feb. 26, 2018

5